Alan Fairbanks, Appellant, *v.* City of Pittsburgh, Appellee.
John Davis, Appellant, *v.* City of Pittsburgh, Appellee.

Argued November 8, 1974, before Judges WILKINSON, JR, ROGERS and BLATT, sitting as a panel of three.

*Bryan Campbell,* with him *Mansmann, Beggy, Steele & Campbell,* for appellants.

*Daniel M. Curtin,* Assistant City Solicitor, with him *Mead J. Mulvihill,* Deputy City Solicitor, for appellees.

OPINION BY JUDGE WILKINSON, November 22, 1974:

These cases are appeals from the decision of the lower court dismissing the actions in assumpsit by plaintiffs and entering judgment in favor of defendants. The actions were heard by the Court on an agreed statement of facts and stipulated exhibits as a case stated. We must affirm the decision of the court below but do so, not on the grounds used by the court below with which we disagree, but rather because plaintiffs' actions in assumpsit, if ultimately determined to be valid, are at the present time premature.

The appellants-plaintiffs are police officers of the appellee-defendant. They were each charged with violating various regulations of the Bureau of Police and were each suspended by the Superintendent of Police for 10 days. Each officer exercised his option under

Section 7 of the Act of August 10, 1951, P. L. 1189, *as amended*, 53 P.S. §23537 (Supp. 1974-75), to be granted a police trial court hearing. Pursuant to plaintiffs' requests, police trial courts were convened and, in the case of John Davis, found him not guilty on all charges and recommended he be returned to duty; in the case of Alan Fairbanks, he was found not guilty on the first charge but guilty on the second charge, and the police trial court recommended he suffer a three-day suspension.

In both cases, the Mayor disapproved the recommendation of the police trial court and declared its decision "of no effect." These cases having been taken before this Court's decision in *Gildea v. Pittsburgh*, 5 Pa. Commonwealth Ct. 364, 290 A. 2d 878 (1972), the Mayor made an effort here, as he did in *Gildea*, to make the decision final and appealable to "the Civil Service Commission and the Civil Courts." However, such was not his authority as set forth by President Judge BOW-MAN in his opinion in *Gildea*. The Mayor's disapproval did make the police trial court's decision of no effect and since appellants had a right to a valid decision of a police trial court, "the proceedings remain unfinished and mandate all concerned to properly convene a new police trial court." *Gildea*, 5 Pa. Commonwealth Ct. at 374, 290 A. 2d at 883.

The lower court found, and appellee argues to us, that *Gildea* is not controlling, for in that case the suspension, being for more than 10 days, could not take effect without a decision of a police trial court. Here, the suspensions, being for 10 days, could and did go into effect without a police trial court decision. True. However, the plaintiffs had the right to, and did, invoke the police trial court procedure to test the validity of the suspension. Under the provisions of Section 8 of the Act, 53 P.S. §23538, if the procedure of the police trial court is carried through to completion,

through the appeal process if necessary, and if appellants are successful, they will be entitled to "full pay for the entire period during which he has been prevented from performing his usual employment and no charges shall be recorded against him." Appellee argues that appellants did not request and were not entitled to a second hearing. It even points out that the Act refers to "a" hearing. True. However, appellants requested "a" hearing and, as a result of the Mayor's action in disapproving the hearing that was held, in the eyes of the law no hearing has been held and "a" hearing is required. While *Gildea* is not controlling because of its different facts, its reasoning in this regard is equally applicable here.

Finally, citing *Zeber Appeal*, 398 Pa. 35, 156 A. 2d 821 (1959), appellee argues that appellants' failure to initiate a request for a second hearing and, if refused, to institute mandamus actions, indicates their acceptance of the Mayor's decision. The facts in the instant case are quite different from those in *Zeber*, where Zeber was suspended and remained on suspension for three years without requesting reinstatement. Here, the plaintiffs had served their 10-day suspensions and were returned to duty before the Mayor took his action. After making prompt demand for pay during the period of their suspensions, and being refused payment, they instituted these assumpsit actions. This was the wrong remedy to choose at the time, but it was not inaction indicating an acceptance of the Mayor's decision.

Following the precedent established for this unusual situation by *Gildea*, although the decision of the lower court is affirmed and the appeals dismissed, the parties are directed to promptly proceed to convene new trial courts to hear the charges preferred and render decisions on the merits and otherwise proceed consistent with this opinion. The parties are to bear their respective costs.